IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB BURNS,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN WILLIAMS,<br><br>    Respondent. | Case No. 20-CV-00544-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Jacob Burns is a federal inmate presently housed at the Federal Correctional Institution Greenville ("FCI Greenville") in Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2441 (Doc. 1). Burns seeks the expungement of a 2020 disciplinary conviction and restoration of forty-one (41) days of good conduct credit and associated privileges (Doc. 1, p. 6). Warden Williams filed a response to the Petition (Doc. 11), to which Burns replied (Doc. 13).

### RELEVANT FACTS AND PROCEDURAL HISTORY

Burns was convicted under federal law and sentenced to serve a 218-month term in the Central District of Illinois for the conspiracy to distribute methamphetamine (Doc. 11, p. 1). Burns has a release date of November 28, 2033. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/

On January 6, 2020, Bureau of Prisons (BOP) Officer W. May cited Burns for the violation of a Prohibited Act Code in accordance with 28 C.F.R. §541.3: a Code 113 offense for "possession of any narcotics" (Doc. 1, pp. 1, 7). *See* 28 C.F.R. §541.3,

Table 1 (2021). A Code 113 offense is of the highest possible severity (Doc. 1, p. 2; Doc 11, p. 3). *See* 28 C.F.R. §541.3, Table 1 (2021).

According to the incident report in question, on January 5, 2020, Officer May conducted a search of Cell 241 at FCI Greenville (Doc. 11-2, p. 6). At the time, the cell housed inmates Burns and Jason Parmeley (*Id.*). During the search, May found a "yellowish small square piece of paper with marking around the edges" under a homemade candle (*Id.*). The paper was sent for testing the same day it was received (*Id.*). Portions of the paper were tested using a Narcotics Identification Kit test (NIK), tests A, U, and K (*Id.*). Test A returned a positive result for opium alkaloids (*Id.*). Test K was positive for Buprenorphine (*Id.*). Test U was negative for methamphetamine (*Id.*). A copy of the report was delivered to Burns (Doc 11-2, pp. 8-10).

On January 16, 2020, the Unit Disciplinary Committee (UDC) referred the matter for a Disciplinary Hearing Officer (DHO) hearing due to the severity of the incident (Doc. 1, p. 2; Doc 11, p. 3). On the same day, Burns was served with a notice advising him that a DHO hearing would be scheduled and informing him of his rights before the DHO (Doc. 1, p. 8; Doc. 11, p. 3). Burns did not elect to have a staff representative present and did not request the introduction of any witness testimony (Doc. 11-2, p. 1, 3). On February 5, 2020, a DHO hearing occurred, and Burns admitted to the charge against him, DHO summarizing "I have not been here long. It was mine. I am glad I got back here and got my head right. I take responsibility for my actions" (Doc. 11-2, p. 1). The DHO found Burns guilty of the charge based on

his statement, the NIK test results, and the incident report (Doc. 11-2, pp. 1-3). The DHO sanctioned Burns to 41 days disallowance of good conduct time and restrictions of other associated privileges (Doc. 11-2, p. 3). Burns requested the DHO report in anticipation of filing an appeal (Doc. 1, p. 4). The report was not completed until two months after the hearing, and it was delivered to Burns on June 30, 2020 (Doc. 11, p. 3).

Burns argues the following claims: (1) he should be excused from exhausting the administrative appeal process, because the remedies were not available to him due to the delayed delivery of the DHO Report, (2) that his due process rights were violated by the delay of his UDC hearing and DHO report, and (3) the charge against him was not supported by sufficient evidence (Doc. 11, p., 4).

### STANDARD OF REVIEW

Inmates retain due process rights in connection with prison disciplinary proceedings. However, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due to a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has delineated due process rights that prisoners have in this context: (1) receipt of written notice of the charges against them in advance of the hearing; (2) an opportunity to be heard before an impartial decision maker, (3) the opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent v. Hill*, 472 U.S. 445,

454 (1985); *Wolff*, 418 U.S. at 564-66; *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

## DISCUSSION

As a preliminary matter, Williams waived the issue of exhaustion of administrative appeals. *See Massey v. Helman*, 196 F.3d 727, 734-35 (7th Cir. 2000) (stating that failure to exhaust administrative remedies may be waived). Accordingly, the Court will only address Burns' merit-based arguments.

Burns alleges that his due process right were violated by the delay of his UDC hearing and DHO report (Doc. 1, p. 3). A delay in the disciplinary process, like the UDC hearing here, will only amount to a violation of due process when the delay prejudices the inmate. *See Jones v. Cross*, 637 F.3d 841, 846-847 (7th Cir. 2011). Tellingly, Burns does not even contend he was prejudiced by the delay of the UDC hearing. Additionally, with respect to the DHO report, due process of inmates requires that they receive a copy of a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *See Wolff*, 418 U.S. at 563-66. The timeframe in which they must receive the written statement after the hearing is not outlined, nor is it prejudicial if "delayed." *Id*. As a result, each of these arguments fail.

Burns also contends that as many as 120 inmates may have had access to his cell, and therefore, the evidence is insufficient to show he possessed the prohibited substance (Doc. 1, p. 5). But Seventh Circuit precedent teaches that constructive possession does not create an issue in meeting the "some evidence" standard.

*Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). Additionally, BOP guidance is explicit that all inmates have a duty to ensure that their cells are free of contraband items. *Santonio House v. Daniels*, 637 Fed. App'x 950, 951 (7th Cir. 2016) (citing Inmate Discipline Program, Program Statement 5270.09, Appendix C (Bureau of Prisons 2012)). Thus, even if Burns had provided evidence to establish that the piece of paper with the drug residue was not his, the fact it was found in a cell he shared meets the "some evidence" standard. Consequently, this argument also fails.

## Conclusion

For the reasons set forth above, Petitioner Jacob Burns's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2441 is **DENIED** (Doc. 1). This case is **DISMISSED with prejudice** and the Clerk is **DIRECTED** to close the case and enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within sixty (60) days of the entry of judgment. *See* Fed. R. App. Proc. 4(a)(1)(B). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. Proc. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. Proc. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-726 (7th Cir. 2008); *Sloan v.*

*Lesza*, 181 F.3d 857, 858-859 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the sixty (60)-day appeal deadline. *See* Fed. R. App. Proc. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this twenty-eight (28)-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *See Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:   December 6, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
